# UNITED STATES

## *v.*

# JOSÉ J. ALVAREZ.

San Juan, Criminal, No. 607.

On Motion to Quash the Indictment.

Criminal Law—Regulations of a Department of the Government.
        1. Congress cannot delegate its power to make laws to anyone, and therefore, when it authorizes a department of the government to make regulations to carry a law into effect, the department of the government has no authority to create a crime by regulation.

Criminal Law—Harrison Drug Act—Construction of Statutes.
        2, 3. The so-called Harrison Drug Act provides that a physician in order to issue a prescription must be registered, and a druggist to fill a prescription must be registered,—held that a registered druggist who fills a prescription issued by an unregistered physician has violated the law, because the act is highly remedial, and all of its sections must be taken together.

Opinion filed November 17, 1915.

*Mr. Miles M. Martin,* United States Attorney, for the plaintiff.

*Mr. Cayetano Coll y Cuchi* for the defendant.

Hamilton, Judge, filed the following opinion:

In this case a motion is made before impaneling the jury to quash the indictment on the ground that it charges an offense

United States v. Alvarez.

not covered by the statute approved December 17, 1914, gener-ally called the Harrison Drug Act. The respects in which it is alleged that the indictment is defective are two.

1. In the first place, it is conceded that the offense charged in the indictment is covered by a regulation on page 14 of the pamphlet called Internal Revenue Regulations, No. 35, issued from the Government Printing Office January 15, 1915, but otherwise not dated. That regulation does expressly say that druggists shall not fill prescriptions of doctors not registered under this law in cases otherwise coming within the law. As to that regulation, it is only necessary to say in effect, what was said yesterday. The court is unable to take a regulation issued by any department of the government as criminal law. Congress would not have the power to delegate the making of an offense a crime, to anybody else. Under the Constitution the law-making power of the United States is vested in the Congress of the United States. Congress can make general regulations, and can leave the details to certain departments. That is almost necessary, even in any large business house; but it could not leave to any department or any officer the duty of declaring crimes. That would be an abdication of the duty of Congress itself, and, of course, it is not to be assumed that Congress would ever do this. So the point is perfectly well taken that if this indictment rests solely upon the regulation, it would not be a proper indictment. It would not charge a crime.

2. In the second place, however, the point is raised,—and this is necessarily the gist of the argument,—that the act itself does not prescribe any such offense. The act in § 1 gives power to the Commissioner of Internal Revenue, to be approved

United States v. Alvarez.

by the Secretary of the Treasury, to make an issue all rules and regulations for carrying this act into effect, and, of course, as was stated, these provisions could go so far, but could go no farther. The question is, does the indictment charge an offense within the meaning of the act itself? There is no question that the act denounces two things: First, a physician, in order to issue such prescriptions, must be registered within the act; and second, that a druggist, in order to put these drugs into circulation, must be registered within the act. Those two are clearly set out in the act, and such registration is a legal duty, and, if not complied with, is a punishable offense. The point raised here is a little different. It is not either one of these two. It is that the indictment charges a third offense,—that the indictment charges that this druggist has committed a crime, in that, although *ex hypothesi* he is registered himself, he has filled a prescription of a physician who is not registered. That, I take it, is the exact point raised, and the question is, is this within the act; not is it within the regulations, but is it within the act? Section 2 of the act has been referred to by both sides as throwing light upon the point. That section says that no one shall sell certain drugs which are mentioned there to anyone else, unless he uses certain blanks which are to be made up under the direction of the department. That is the object of § 2. That is what § 2 in express terms covers. Then, after defining that, § 2 goes on to say that nothing contained in this section shall apply to certain persons, and amongst those persons to whom that section does not apply is a druggist filling a prescription of a doctor who is registered. The indictment does not charge that this druggist sold certain articles to a certain man without using a certain blank form. That is not the offense.

United States v. Alvarez.

The indictment charges that he filled a prescription of a doctor who was not himself registered. The particular offense is not under § 2. The only question is, does § 2 throw any light upon it? Section 2 does say in effect that a druggist who fills a prescription of a registered physician is doing nothing wrong. It implies very strongly that he is doing what is right. But the exact question is, does this act say anywhere, by a proper construction, that a druggist cannot fill the prescription of an unlicensed doctor? No doubt penal laws are to be strictly construed, that in criminal laws the act is to be construed to carry out its purpose, and not to go further. It is no doubt true that a crime is not to be implied from the wording of an act, that an act must fairly define what a crime is, or it would be void as to that particular matter for uncertainty; at all events, it would not define a crime. So that the question is not without difficulty. The court is very glad that it has been raised. It is one that should be solved by this court, and also by higher courts.

3. The conclusion of the court is this: That § 9 of this act, which reads as follows,—"That any person who violates or fails to comply with any of the requirements of this act shall, on conviction, be fined, etc., in the discretion of the court," [38 Stat. at L. 789, chap. 1]—is designed to go the full extent of the act itself. This act is somewhat different from an ordinary. criminal statute, and is, so far as the public is concerned, a remedial statute. It is designed to protect the public against what Congress considers a great and crying evil in the dispensing of drugs. The whole scheme of the statute is designed to put the subject under very strict regulations, and it seems to the court that if it should say that it is wrong for a physician

to dispense these drugs without registration, and that it is wrong for a druggist to fill a prescription unless he is registered, it cannot be conceived that this does not cover the intermediate steps which it is conceded are essential. The issuing of the prescription and the filling of it are really two parts of the same thing. What is aimed at is preventing the drugs from circulation without the registration of both physician and druggist. The court is not prepared to limit the force of what seems to be a highly remedial statute by saying that Congress did not design to connect up those two acts. The court could not, of course, put that into the act if it is not there, any more than the officer of internal revenue could do so; but the court does construe the act as a whole, taking all the twelve sections together, as covering the matter charged in the indictment, and therefore will be compelled to overrule the motion.